NANNY v. VAUGHN et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 9, 1910.)

1. BOUNDARIES ⬅25 — SURVEY — FORCE OF PRIORITY.

Where the eastern tiers of surveys were located before the western tiers and their east lines can be ascertained, their calls should prevail over the western calls even if there is a slight variance.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 137; Dec. Dig. ⬅25.]

2. BOUNDARIES ⬅8 — SURVEY — CALLS — EXCESS.

An excess of 1,500 varas in an 18-mile line is not so great as to require rejection of all calls in the survey.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 66–76; Dec. Dig. ⬅8.]

3. BOUNDARIES ⬅33 — FIELD NOTES — PRESUMPTIONS.

The law presumes that surveys were made as stated in field notes approved by the General Land Office.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 146–152; Dec. Dig. ⬅33.]

4. APPEAL AND ERROR ⬅1068(5)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

Rejection of a requested charge is immaterial, where the jury by its verdict did the precise thing the charge would have required, if given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4230; Dec. Dig. ⬅1068(5); Trial, Cent. Dig. § 475.]

Appeal from District Court, Swisher County; R. C. Joiner, Special Judge.

Boundary controversy between T. F. Nanny and M. B. Vaughn and others. From the judgment rendered, Nanny appeals. Affirmed.

Turner, Hendricks & Boyce, of Amarillo, for appellant. H. C. Randolph, of Plainview, and L. W. Dalton, of Matador, for appellees.

CONNER, C. J. We find no reason to disturb the judgment in this case. Appellant claims sections 21 and 22, block S–2, and section 91, block M–11, and these sections were awarded to him by the judgment below. He makes no claim to the Ardrey survey owned by appellee, which undisputedly lies south of the south line of said sections 21 and 22; the call for the northeast corner of the Ardrey being for the southeast corner of section 21.

The disputed question is as to the proper

location of said sections 22 and 21. It appears that blocks 10–T, 9–T, and S–2 were office surveys, and if sections 21 and 22 be located, as appellant contends should be done, by calls for course and distance alone from the well-identified corner fixed by John Summerfield on the west boundary line of block M–6, adopted for the southwest corner of section 347 and northwest corner of section 346 in said block M–6, then said sections 21 and 22 will lie south and west from the southeast corner of section 91, block M–11, which is made the beginning corner of section 21, and so extended would overlap and cover appellee's Ardrey survey; but we feel unable to say that the jury were unwarranted in finding, as they evidently did, that the calls for section 91, in block M–11, should be given effect. The evidence warrants the inference that in plotting blocks 10–T, 9–T, S–2, and M–11 the surveyor who made out or adopted the field notes of these several blocks had in mind and was controlled by other lines and objects as well as by the common corners given of sections 347 and 346, block M–6. The north line of block M–11 distinctly calls for the south line of block M–8 and block M–6. The northwest corner of block M–8 and northeast corner of block 2–Z is distinctly fixed by the evidence at a well-identified corner constituting the southwest corner of section 208, block 6 and the southeast corner of block B–5; this corner being nine miles south of the well-identified northeast corner of block B–5. The field notes of block M–8, signed by Hedrick and filed and approved in the Land Office, call for mounds all along the west line of block M–8, and the surveys along the east line of M–6 likewise call for the same mounds, it being the evident intent of the locator of these blocks that blocks 6, B–5, 2–Z, M–8, and M–6 should adjoin and cover all of the territory included by the outer calls; and the testimony of Hutchinson, who surveyed the west line of M–8 and the east line of M–6, authorizes the inference that along this line he found the original mounds called for in the field notes of these two blocks, that he fixed therein, allowing for an excess found, iron pipes, thus definitely fixing upon the ground the south lines of block M–8 and block M–6, and by calls for course and distance fixed the south line of block M–11, fixing as the southeast corner of said section 91, block M–11, an iron pipe, and the jury thus evidently fixed the beginning corner of appellant's section 21, block S–2, at the southeast corner of section 91, block M–11, for which the field notes in section 21 call.

[1, 2] While the testimony of Summerfield fixes the west line of block M–6, we do not think it necessarily follows therefrom that the east line of this block is to be drawn away from block M–8 for which it calls. The proof tends to show that the eastern tiers of surveys in block M–6 were located before

those along the western line, and, if the eastern line of the block can be fixed with certainty by the calls for adjoining blocks on the north and east, the surveys on the east should be established in accordance with such calls, regardless of the fact that to go to the western line of the block as established by the Summerfield objects would create an excess. It is not contended that the excess is more than about 1,500 varas, which is not so excessive in a line 18 miles long as to require the rejection of all calls along the eastern and northern lines of the block. Besides, the evidence of Summerfield as a whole, we think, warrants the inference that in plotting blocks 10–T, 9–T, M–11, and S–2, other lines and calls than the calls for the long base line of Summerfield were distinctly had in mind and considered. For instance, he states that from the mound on his base line, now known as the southwest corner of survey 347, block M–6, McClelland and others ran a line east towards the west line of block M–8; that he then ran in the various courses and distances stated by him, and finally connected with McClelland and others; and that at least 10 miles of the line east from the southwest corner of 347 was adopted, and he nowhere states that other calls in these blocks were disregarded.

What we have said we think will dispose of many of the assignments of error, but we will refer to some of them briefly. We think the rejection of Flannigan's testimony, complained of in the first assignment, immaterial for the reason that there seems to be but little, if any, dispute about the location of the southwest corner of 347, block M–6; the issue and the only issue material as we conceive it under the testimony was whether surveys 21 and 22, block S–2, should be located by calls for course and distance alone from the corners mentioned, or whether the jury might locate these surveys by their calls for sections 91 and 92, block M–11, and other evidence to which we have referred.

[3] Nor do we think the sixth and seventh clauses of the court's charge erroneous in ignoring the part Summerfield took in making out the field notes of the surveys in blocks M–6, 9–T, 10–T, M–11, and S–2. The field notes and surveys purport to have been made by Hedrick, and the presumption of law is that the surveys were made as stated in the field notes approved by the General Land Office. It would not do therefore for the court to assume that Summerfield's testimony indisputably established the fact, as appellant contends, that the location of blocks 10–T, 9–T, M–11, and S–2 are to be controlled by calls for course and distance alone from the established common corners of 347 and 346, block M–6. Moreover, as we have before had occasion to mention, Summerfield's own testimony tends to show that the blocks named were platted, not alone upon the Summerfield base line, but

also from other ascertainable lines and corners.

[4] If paragraph 9 of the court's charge, to which objection is made in the twelfth assignment, is erroneous, but which we do not think, the error was invited by appellant's special charge No. 5. The jury by their verdict did the precise thing that appellant's special charge No. 7 would have instructed them to do had the court given it. Its rejection, therefore, cannot be material. By appellant's charges Nos. 8, 10, 11, mentioned in the fifteenth, seventeenth, and eighteenth assignments of error, appellant sought to authorize the jury to reject calls other than course and distance from the west line of block M–6 as fixed by the testimony of Summerfield. This we think would have been erroneous.

We conclude that all assignments of error should be overruled, and the judgment affirmed.

Affirmed.